IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| C. PETER WHITMER,<br><br>     Plaintiff,<br><br>v.<br><br>WORLD FINANCIAL NETWORK NATIONAL BANK, et al.,<br><br>     Defendants. | **MEMORANDUM DECISION ORDER AND REPORT AND RECOMMENDATION**<br><br>Case No. 2:04 CV 00567 DAK<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge David Nuffer |

This case arose out of Plaintiff's claims that Defendants violated various debt collection laws. This case is referred to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B). Various motions[1] are before the magistrate judge relating to the propriety of the way the case was proposed to be resolved on a report and recommendation entered in August[2] (August Report and Recommendation).[3] Also, other motions regarding discovery of attorney's fees records have been filed.[4]

---

[1] Rule 58 & 68 Motion for Entry of Judgment Pursuant to Acceptance of Offers of Judgment; Rule 59 Motion for New Trial or Amend Order, docket no. 62, filed August 19, 2005.

[2] Docket no. 59, filed August 3, 2005.

[3] The district judge entered an order dismissing the case the same day as the August Report and Recommendation. Order Granting Defendant World Financial Network National Bank's Motion to Dismiss the Complaint and Dismissing Complaint with Prejudice, docket no. 61, filed August 3, 2005. After Plaintiff filed a motion challenging the dismissal of the case, the district judge vacated his order of dismissal and remanded the case to the magistrate judge "for his determination of whether any of the subsequently filed motions should be considered and whether they would cause him to alter his Report and Recommendation." Order Vacating Prior Order of Dismissal and Remanding Case to Magistrate, docket no. 91, filed November 3, 2005.

[4] Motion to Require Defendant's Production of Time Records, docket no. 70, filed September 6, 2005; Defendant World Financial Network National Bank's Motion to Strike Plaintiff's Motion to Require Production . . . or, in the Alternative, to Stay . . . , docket no. 71, filed September 13, 2005; Plaintiff's Motion for Attorney's Fees, docket no. 73, filed September 15, 2005; Defendant World Financial Network National Bank's Motion to Strike Plaintiff's Motion for Attorneys' Fees  . . . or, in the Alternative, to Stay . . . , docket no. 80, filed September 21, 2005; Plaintiff's Corrected Motion to Produce Time Records, docket no. 83, filed September 27, 2005; Defendant World Financial Network National Bank's Motion to Strike Plaintiff's Corrected Motion to Require Production . . . or, in the Alternative, to Stay . . . , docket no. 86, filed October 7, 2005.

**Procedural History**

Defendants filed a motion for summary judgment on two of Plaintiff's three claims. Plaintiff filed no response to the motion for summary judgment. After offers of judgment were made and accepted and payments made on all the claims, Defendants then moved to dismiss the case on the ground that all claims were satisfied. The court had already suggested that the offers of judgment, acceptance, and payment made the motion for summary judgment moot.[5] Plaintiff failed to respond to the motion to dismiss within the time ordered by the court.[6] The district judge dismissed the case on the same day the magistrate judge issued the August Report and Recommendation that the case be dismissed.

Now Plaintiff objects that he was denied his rights to have judgment affirmatively entered against the Defendants and then to have post-judgment adjudication of attorney's fees under Fed R. Civ. P. 58. Plaintiff claims that an offer of judgment and acceptance (in both instances) is a *contract*, depriving the Defendants of standing for their motions, concluding the case, and depriving the court of jurisdiction to further act except to follow the procedure of Fed. R, Civ. P. 68. This argument is the basis for Plaintiff's motion seeking a new trial under Fed R. Civ. P. 59(b), for alteration of the August 3, 2005 order under Rule 59(e) and for relief from the order under Fed. R. Civ. P. 60(b) because the order is void.[7]

---

[5] Docket no. 55, filed June 24, 2005.
[6] Docket no. 57, filed July 14, 2005.
[7] Corrected Memorandum in Support of Plaintiff's Rule 58 & 68 Motion for Entry of Judgment Pursuant to Acceptance of Offers of Judgment; Rule 59 Motion for New Trial or Amend Order (Corrected Memorandum) at 4, docket no. 66, filed August 23, 2005.

**Offer of Judgment Under Rule 58**

Rule 58 provides "a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party" and that if the offer is accepted, "either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment."[8]  Thus, an *offer* is required, followed by an *acceptance* and *filing of both* by either party, before the clerk may act and enter judgment. Plaintiff admits that the offer of judgment, acceptance of judgment and proof of service must be filed with the court.[9]  Plaintiff's claim that Defendants were obligated to file the documents[10] is wrong, however, as the Rule clearly states "either party" may file the papers.

This table summarizes dates important in this Order and Report and Recommendation:

| | |
|---|---|
| April 4, 2005 | Motion for Summary Judgment *filed* on Claims I and II[11] |
| April 12, 2005 | Offer of Judgment on Claim III *signed*[12] |
| April 19, 2005 | Acceptance of Offer of Judgment on Claim III *filed*[13] |
| April 28, 2005 | Offer of Judgment on Claims I and II *signed*[14] |
| May 12, 2005 | Acceptance of Offer of Judgment on Claims I and II *filed*[15] |

---

[8] Fed. R. Civ. P. 68.
[9] Corrected Memorandum at 2.
[10] Corrected Memorandum at 3.
[11] Docket no 36.
[12] This document has never been filed with the court.  Recited in Acceptance docket no. 46.  A **copy** is attached as Exhibit C to Defendant World Financial Network National Bank's Memorandum Opposing Plaintiff's Motion to Alter or Amend the Judgment and for Entry of a New Judgment (Opposition Memorandum), docket no. 68, filed August 29, 2005 and again as an Exhibit at page 13 of Plaintiff's Reply Memorandum in Support of his Motion for Entry of Judgment under Rule 68 and Pursuant to Rule 58 (Reply Memorandum), docket no. 69, filed September 6, 2005.
[13] Docket no. 46, filed April 19, 2005.  The document was again filed as docket no. 64, August 23, 2005.
[14] This document has never been filed with the court. Recited in Acceptance docket no. 53.  A **copy** is attached as Exhibit F to Opposition Memorandum and again as an Exhibit at page 17 of Reply Memorandum.
[15] Docket no. 53, filed May 12, 2005.  The document is misdated April 12, 2005.  The document was again filed as docket no. 65, August 23, 2005.

| July 8, 2005 | Motion to Dismiss *filed*[16] |
| August 3, 2005 | Report and Recommendation filed[17] |
| August 3, 2005 | Order filed[18] |
| August 19, 2005 | Motion for Entry of Judgment and for New Trial or to Alter or Amend Order[19] |

Notably absent from the chronology – and from the docket in this court – are:

a.   any response to the motion for summary judgment;

b.   any response to the motion to dismiss;

c.   any docketing of either Offer of Judgment; and

d.   any entry of judgment by the clerk.

### Discussion

Plaintiff argues that the court is bound to defer to a procedure which Plaintiff never invoked. Plaintiff was never – and is not now – entitled to entry of judgment under Fed. R. Civ. P. 68 because Plaintiff has not docketed the offer of judgment; only its acceptance.[20] The reason for the Rule's requirement that both offer and acceptance be docketed is so that the clerk is fully aware of the terms of the agreement. Without the offer and acceptance of record, the clerk is neither equipped nor required to act.

Plaintiff's argument might have some merit if Plaintiff had complied with all requirements of the Rule before the motions were decided, or especially if the clerk had entered

---

[16] Docket no. 56.
[17] Docket no. 59.
[18] Docket no. 60.
[19] Docket no. 62.
[20] The only copies of the offers are attached as exhibits to documents filed after disposition of the motions, not as separate operative documents and not for the purpose of invoking Rule 68. Plaintiff claims he filed both the offers. *See* Reply Memorandum at 2, docket no. 69, filed September 6, 2005. He filed the *acceptances* twice. *See* Docket no. 46, filed April 19, 2005, again filed as docket no. 64, August 23, 2005. Docket no. 53, filed May 12, 2005, again filed as docket no. 65, August 23, 2005.

judgment concluding the case before the August Report and Recommendation was issued, but the pre-requisite step of filing the offers, entirely within Plaintiff's control, was never taken.

Plaintiff's argument that the judgment is void under Fed. R. Civ. P. 60(b) is therefore without merit, even assuming that a filed offer and acceptance (without a judgment) would preclude dismissing a case in which the claim was entirely satisfied. Plaintiff claims that "[o]nce Defendant's offers to settle were accepted there was no longer any case or controversy between the parties independent of the operation of Rule 68"[21] and that "a Rule 68 offer and acceptance of that offer [dispose] of a case on the merits,"[22] but Plaintiff cites no authority for that proposition. Plaintiff relies on a case which only determined that a court had no jurisdiction after *dismissal of a case* without retained enforcement jurisdiction.[23] That fact scenario is entirely distinct from this case in which no judgment has been entered, and prerequisites to entry of judgment were not met.

For similar failure of conditions precedent, the claim for relief under Fed. R. Civ. P. 59 is without foundation. There is no reason to alter or amend the judgment because of an incomplete offer and acceptance process.

Separate and apart from the procedural default that defeases Plaintiff's argument, Plaintiff's default in the dispositive motions remains. The default procedurally entitles Defendants to relief under the motion to dismiss[24] and there is nothing in the record on those motions to state Plaintiff's position. Plaintiff cannot fail to take action in the face of an order[25] requiring a response to a motion and later expect to use a collateral ploy for relief. The August Report and Recommendation carefully analyzed that entitlement and the merits of the case. On review of the Report and Recommendation the magistrate judge finds no reason to alter it.

---

[21] Reply Memorandum at 3.
[22] *Id.*at 5.
[23] *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 275 (1994).
[24] DUCivR7-1(d).
[25] Docket no. 57, filed July 14, 2005.

Many motions have been filed after the entry of the Report and Recommendation relating to discovery of attorney's fees. There is no reason to further inquire into these issues which should have been concluded with action on the Report and Recommendation.

**ORDER**

IT IS HEREBY ORDERED that the following motions are DENIED:

Motion to Require Defendant's Production of Time Records, docket no. 70, filed September 6, 2005;

Defendant World Financial Network National Bank's Motion to Strike Plaintiff's Motion to Require Production . . . or, in the Alternative, to Stay . . . , docket no. 71, filed September 13, 2005;

Plaintiff's Motion for Attorney's Fees, docket no. 73, filed September 15, 2005;

Defendant World Financial Network National Bank's Motion to Strike Plaintiff's Motion for Attorneys' Fees . . . or, in the Alternative, to Stay . . . , docket no. 80, filed September 21, 2005;

Plaintiff's Corrected Motion to Produce Time Records, docket no. 83, filed September 27, 2005; and

Defendant World Financial Network National Bank's Motion to Strike Plaintiff's Corrected Motion to Require Production . . . or, in the Alternative, to Stay . . . , docket no. 86, filed October 7, 2005.

Within 10 days after being served with a copy of this order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

## REPORT AND RECOMMENDATION

The magistrate judge recommends that the Rule 58 & 68 Motion for Entry of Judgment Pursuant to Acceptance of Offers of Judgment; Rule 59 Motion for New Trial or Amend Order, docket no. 62, filed August 19, 2005 be DENIED.

Copies of this Report and Recommendation are being delivered to the parties, who are hereby notified that they have the right to object to the Report and Recommendation. The parties are further notified that they must file any objections to the Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

Dated this 2nd day of March, 2006.

BY THE COURT

_____
David Nuffer
United States Magistrate Judge