IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| C. PETER WHITMER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WORLD FINANCIAL NETWORK NATIONAL BANK, a banking subsidiary of Alliance Data Systems Corporation, CARLA DECKER, an individual, JOHN DOES I-X, XYZ COMPANIES A-Z,<br><br>Defendants. | ORDER<br><br>Case No.  2:04CV00567DAK<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge David O. Nuffer |

Plaintiff has filed several motions asking to amend, set aside or vacate this court's Order Adopting Report and Recommendations which dismissed and closed this case on March 20, 2006 by citing to Federal Rules of Civil Procedure 59 and 60(b).

## BACKGROUND

This case was assigned to United States District Court Judge Dale A. Kimball, who then referred it to United States Magistrate Judge David Nuffer under 28 U.S.C. § 636(b)(1)(B).  On March 2, 2006, Judge Nuffer issued a Memorandum Decision Order and Report and Recommendation, denying several motions that were filed after the previous Report and Recommendation, recommending that the Rule 58 and 68 Motion for Entry of Judgment Pursuant to Acceptance of Offers of Judgment, Rule 59 Motion for New Trial or Amend Order,

filed August 19, 2005, be denied.  The Report and Recommendation also notified the parties that they had ten days after receipt of the Report and Recommendation to file any objections to it.  No objection was filed to the Report and Recommendation.  The court reviewed the file *de novo* and adopted the Magistrate Judge's reasoning in both of his Reports and Recommendations in their entirety.  Accordingly, the case was dismissed pursuant to the court's March 20, 2006 order.

## DISCUSSION

Plaintiff now asks the court to modify or reconsider the court's March 20, 2006 order, even though motions for reconsideration are not specifically provided for in the rules of civil procedure.  Such motions are commonly considered pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, which authorizes a motion to alter or amend a judgment.

Even if the court were to consider the substance of Plaintiff's motions, Plaintiff has not met the standard set forth in Rule 59.  "A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (citations omitted).  Thus, the scope of Rule 59(e) is quite limited:

> A party should not use a motion for reconsideration to reargue the motion or present evidence that should have been raised before.  Moreover, a party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.  When a motion for reconsideration raises only a party's disagreement with

>a decision of the Court, that dispute "should be dealt with in the normal appellate process, not on a motion for reargument under' [Rule 59(e)].

*NL Indus., Inc. v. Commercial Union Ins. Cos.*, 938 F. Supp. 248, 249-50 (D.N.J. 1996) (internal quotes omitted); *Resolution Trust Corp. v. Greif,* 906 F. Supp. 1446, 1456-57 (D. Kan. 1995)("A party cannot invoke Rule 59(e) to raise arguments or present evidence that should have been raised in the first instance or to rehash arguments previously considered and rejected by the court."). Under Rule 59(e), a party must file a motion to alter or amend a judgment "no later than 10 days after entry of judgment." Fed. R. Civ. P. 59(e). Plaintiff failed to do so.

Plaintiff claims that his failure to file a motion objecting to the Magistrate's March 2, 2006 order is due to the court's failure to serve it upon him, and therefore his time in which to object has not run. The District Court's Electronic Case Filing System's Notice of Electronic Filing (the "Notice") reflects that on March 2, 2006, the Magistrate's order was delivered to Plaintiff's counsel. "'When mail matter is properly addressed and deposited in the United States mails, with postage duly prepaid thereon, there is a rebuttable presumption of fact that it was received by the addressee in the ordinary course of mail.'" *Armstrong v. Cornish*, 102 Fed. Appx. 118, 120 (10th Cir. 2004) (quoting *Crude Oil Corp. v. Comm'r.*, 161 F.2d 809, 810 (10th Cir. 1947)) (finding that service complete). Based on the Notice, this court finds that the presumption that Plaintiff received the Magistrate's March 2, 2006, Order has been satisfied. As a result, the court also finds that Plaintiff failed to satisfy Rule 59's requirement to object within ten days of the March 2, 2006 Magistrate's Order.

Plaintiff seeks relief under Rule 60 requesting that the court correct several alleged "clerical errors." Rule 60(b) provides that

3

> [o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. . . .A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. . . .

Fed. R. Civ. P. 60(b).

Plaintiff's alleged "clerical errors" appear to be nothing more than an attempt to reargue the factual determinations made by the Magistrate. Plaintiff does not provide any new evidence under Rule 60 that convinces the court that its prior ruling should be revisited. When a party merely wants to reargue his or her case, it should do so on appeal. Therefore, the court concludes that there is no basis for amending, vacating or setting aside its prior ruling.

Plaintiff's motions do not present new evidence or demonstrate a manifest error of law, they merely reargue his case. A disagreement with the court's decision is not enough to warrant the court to amend, alter or reconsider its decision. Because the Plaintiff has not met the standards required under Rules 59 or 60, Plaintiff's motions are denied.

Based on the court's denial of Plaintiff's motions, Defendant's motion to strike Plaintiff's reply memorandum is moot and therefore denied.

## CONCLUSION

Based on the above reasoning, Plaintiff's Rule 59 Motion For New Trial or to Alter or Amend Order is DENIED; Plaintiff's Motion Pursuant to Rule 59 and 60(b) FRCP is DENIED;

Plaintiff's Motion to Correct Clerical Mistakes Pursuant to Rule 6(a) FRCP is DENIED; and Defendant World Financial Network National Bank's Motion to Strike Plaintiff's Untimely Memorandum in Support of His Motion Pursuant to Rule 59 and 60(b) is DENIED.

DATED this 6th day of October, 2006.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge